(No. 3686—

EDITH DENGES, WIDOW OF CHARLES R. DENGES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

EMERSON C. WHITNEY and J. D. TEITELBAUM, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

DAMRON, J.

This cause again comes before the Court pursuant to a petition for a lump sum settlement in accordance with

the provisions of Section Nine (9) of the Workmen's Compensation Act.

On November 13, 1945, this Court entered an award in favor of the claimant, Edith Denges, as widow of Charles R. Denges, for $4224.00 as provided in Section 7a of the Act, as amended. At the time of the rendition of the award, there was then due the claimant the sum of $2153.25 which was paid to the claimant by the respondent in a lump sum.

The above named petitioner was the only dependent left surviving the said deceased employee, there was no child or children left surviving whom he was under legal obligation to support at the time of his injury which resulted in his death.

At the time of the filing of this petition for a lump sum, there was yet due claimant, under the provisions of said award, the sum of $1979.40 to be paid to her at the rate of $10.15 per week. This petitioner states in her petition that she now has an opportunity to go into the retail clothing business in which she is experienced and in which she believes that she can make a satisfactory livelihood. She says she has no other source of income and is, at the present time, unemployed.

The question as to whether the provisions of the Workmen's Compensation Act, relative to lump sum payments, apply to cases in which the facts are similar to the facts in the present case, was considered in *Illinois Zinc Company* vs. *Industrial Commission,* 366 Illinois 480. In that case, as in this, the deceased employee left him surviving his widow and no child or children whom he was under legal obligation to snpport at the time of his injury. It was pointed out in that opinion that under the provisions of Section 7a and Section 21 of the Workmen's Compensation Act, the right to receive compen-

sation would be extinguished by the remarriage or death of the widow; that althogh it might. be for the best interest of the widow, it clearly could not be for the best interests of the employer to allow a lump sum. The Court further said:

"It is our opinion that Section 9 is not applicable to an award such as this, which is uncertain and contingent in its duration and amount. To hold otherwise would be to deprive the employer of due process of law and the equal protection of the law and would render the entire section unconstitutional. A commutation of the last 102 weeks of compensation in this case would be as absurd from a legal standpoint, as if the Governor should attempt to commute the last one-half or one-third of a life sentence."

Under the law, as laid down by our Supreme Court in the *Illinois Zinc Company* vs. *Industrial Commission, supra,* we have no authority to order a lump sum payment under the facts in this case, and claimant's petition therefore must be denied.